UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKZEBRA MUSIC, LLC<br><br>Plaintiff,<br><br>v.<br><br>MFCXY, Inc., MyFreeCams.com, and Crakmedia, Inc.<br><br>Defendants. | Case Number<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff Pinkzebra Music LLC brings this action against Defendants MyFreeCams.com, MFCXY, Inc., and Crakmedia, Inc., for federal copyright infringement (Counts I-II), contributory copyright infringement (Count III), vicarious copyright infringement (Count IV), unjust enrichment (Count V), violation of Illinois Deceptive Trade Practices Act (Count VI), and unfair competition (Count VII). Defendants used Pinkzebra's copyrighted music in an unauthorized and infringing manner in pornographic advertisements for Defendants' pornographic website and services.

## THE PARTIES

2. Plaintiff Pinkzebra Music, LLC ("Pinkzebra") is a limited liability company with its principal place of business at 2822 North Southport Avenue, Chicago, Illinois 60657.

3. Defendant MFCXY, Inc. (hereinafter "MFCXY"), upon information and belief, offers pornographic e-commerce solutions and services in various industries, with its headquarters at 2123 Warwick Lane, Glenview, IL, 60026-5743, United States. Upon information and belief, MFCXY is believed to be related to MyFreeCams.com.

1

4. Defendant MyFreeCams.com (hereinafter "MyFreeCams"), upon information and belief, offers a pornographic website located at www.myfreecams.com, with its offices at 2123 Warwick Lane, Glenview, IL, 60026-5743, United States.

5. Defendant Crakmedia, Inc. (hereinafter "Crakmedia"), upon information and belief, is an international web marketing company, with its corporate headquarters at 410 Charest East Blvd., Office 500, Quebec (Quebec) G1K 8G3, Canada.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Pinkzebra seeks damages and injunctive relief against Defendants named herein under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(3), and this Court may properly exercise personal jurisdiction over Defendants MFCXY and MyFreeCams because they reside in this venue, and because each of the Defendants directly targets its business activities and the infringing conduct toward consumers in Illinois and causes harm to Pinkzebra within this Judicial District. Through at least Defendants' distribution of pornographic advertisements and their fully interactive commercial internet websites, each of the Defendants has targeted the infringing content and sales to Illinois residents by copying and distributing content to residents in Illinois, and by accepting payment in U.S. dollars and distributing the infringing content throughout the internet.

**INTRODUCTION**

8.  This action has been filed by Pinkzebra to combat infringing use of Pinkzebra's work in advertisements for pornographic content.

9.  Plaintiff Pinkzebra is a top-selling online music artist, and has written the music for over 18 Super Bowl commercials, the Oprah Winfrey Show, Bud Light, Nintendo, McDonald's, Capital One, State Farm and numerous others.

10. Defendant MyFreeCams, and under information and belief Defendant MFCXY, operate pornographic websites that allow users to view, upload and live stream videos and content.

11. Defendants MyFreeCams and Crakmedia, and under information and belief Defendant MFCXY, copied and used Pinkzebra's work without authorization on pornographic content and advertisements and distributed the music without authorization to consumers within pornographic content and advertisements.

12. Upon information and belief, Crakmedia copied Pinkzebra's work and contributed to the development and distribution of the unauthorized and infringing advertisement.

13. Defendants' advertisements are likely to confuse and mislead consumers that Pinkzebra has authorized use of his copyrighted works in association with pornographic content, when no such authorization exists.

14. The infringing advertisements have been copied and distributed to run on several pornographic websites, including but not limited to Pornhub.com.

15. Defendants' actions have harmed Pinkzebra's work and Pinkzebra's current and potential market in the music industry.

16. Defendants' actions to copy, use and distribute Pinkzebra's work with Defendants' pornographic content is likely to confuse, deceive, cause mistake or mislead consumers that Pinkzebra's "Beautiful Daydream" song is authorized to be used or distributed with Defendants'

pornographic content and with websites such as Pornhub.com, that there was an affiliation, connection, or association of Defendants with Pinkzebra, or to the origin, sponsorship, or approval of Pinkzebra's work with such content, when it was not authorized.

17. Consumers have actually been confused, mistaken, deceived or misled about Defendants' unauthorized uses and distributions of Pinkzebra's work on Defendants' content.

18. Visitors to the official "Beautiful Daydream" YouTube page, or any other authorized "Beautiful Daydream" YouTube page, have left comments such as, "PH" (presumably Pornhub) or "ThisVid, anyone? (Ad.)," both pornographic websites. See Exhibit A.

19. Defendants' copying, use and distribution of Pinkzebra's work on pornographic content have harmed the value and goodwill of the work and of Pinkzebra.

20. Defendants claim to have a license for use of the Pinkzebra music, yet no license permits the use of this music in connection with pornographic content, among other things.

21. A license that Defendants claimed to possess for the work explicitly prohibits the use of this Work in connection with pornographic materials, among other things, and does not permit Defendants to use, copy or distribute Pinkzebra's work with Defendants' pornographic content.

22. Pinkzebra is forced to file these actions to combat Defendants' unauthorized and infringing use of its registered copyrights, as well as to protect Pinkzebra's brand and image.

23. Pinkzebra has been and continues to be irreparably damaged through Defendants' unauthorized and infringing use of his music and, as a result of Defendants' actions, and seeks injunctive and monetary relief.

## FACTUAL BACKGROUND
### Plaintiff Pinkzebra

24. Struyk is a successful music producer and composer who operates under the pseudonym Pinkzebra ("Pinkzebra").

25. Plaintiff Pinkzebra Music, LLC is owned by Sam Struyk, a well-known and accomplished American composer and contemporary pianist whose first album led to him being signed by Atlantic Records in 1991. Since then, Struyk has released four popular albums and was also part of the musical team behind the award-winning Bud Light advertising campaign, Real Men of Genius.

26. Struyk is renowned for composing the music in famous and internationally recognized ad campaigns, including for Bud Light, Nintendo, McDonald's, Capital One, State Farm and numerous others. Struyk likewise composed music for several independent films and TV, including the Oprah Winfrey Show, the Oprah and Friends XM Satellite radio show, and Oprah Winfrey's "Leadership Academy" prime time TV special devoted to her school in South Africa.

27. He has had his music performed by major symphony orchestras.

28. Pinkzebra has become one of the most-licensed music composers in the world, with over 100,000 licenses sold. Pinkzebra has developed a devoted international fan base of listeners who have been introduced to his music through its legal usage in viral YouTube videos, TV commercials, independent films, The Voice, and more.

29. Pinkzebra's "Beautiful Daydream" song has been heard over one hundred thousand times on YouTube.

30. Pinkzebra sells, and makes substantial sales, of his music to middle schools, high schools and church choirs. Pinkzebra is among the industry leaders in sales among choral music for middle schools, high schools and church choirs.

31. Pinkzebra is likely to have suffered and continue to suffer harm with middle schools, high schools and church choirs due to Defendants' unauthorized use in connection with pornographic content.

32. Sam Struyk, and his company Pinkzebra Music, LLC, offer his music, including "Beautiful Daydream," on Envato Elements and AudioJungle, a platform that allows composers to license their music around the world. Together they offer over 400 musical tracks on Envato Elements.

33. Envato Elements created the license terms for all of Sam Struyk and Pinkzebra's musical tracks, but the license agreement is between Sam Struyk and/or Pinkzebra and a buyer directly. Each Envato Elements license expressly prohibits use in connection with material that is offensive, defamatory, pornographic, obscene or demeaning, or promotes discrimination.

34. When a user wants to use the same song in two video projects, that user must purchase two licenses for the same song.

35. Pinkzebra holds a valid copyright registration with the U.S. Copyright Office for the "Beautiful Daydream" song, Reg. No. 883862. See **Exhibit B**.

**The Defendants**

36. Upon information and belief, MFCXY is affiliated with, related to or is the owner operator of the pornographic website, www.myfreecams.com, and operates out of the State of Illinois, United States.

37. Upon information and belief, Crakmedia is an advertising company headquartered in Quebec, Canada who works with, creates and distributes advertisements with and for MyFreeCams and MFCXY.

### Defendants' Unlawful Conduct

38. Upon information and belief, MFCXY and MyFreeCams entered into a contract with Crakmedia to operate an advertising campaign for MFCXY's and MyFreeCams' services.

39. The advertising campaign ran ads for MyFreeCams' and MFCXY's services on several different pornographic websites, including Pornhub.com.

40. Within the content and advertisements distributed to these websites is Pinkzebra's "Beautiful Daydream" song, playing over explicit pornographic content.

41. Pinkzebra has not authorized Defendants to use or distribute his music in connection with pornographic content.

42. Pinkzebra utilizes the license terms of Envato Elements particularly for the provision prohibiting use in connection with material which is offensive, defamatory, pornographic, obscene or demeaning, or promotes discrimination (emphasis added).

43. This provision helps Pinkzebra maintain an image of decency in association with his music, which is important to his customer base and his goodwill.

44. Defendants, without obtaining authorization from Pinkzebra, have knowingly and willfully used his music in their advertising campaign for pornographic content.

45. Defendants published these advertisements in the United States and the Northern District of Illinois.

46. Defendants' conduct is likely to have and has irreparably harmed Pinkzebra.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT MFCXY, INC AND MYFREECAMS.COM

47. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-46 as if contained herein.

48. Pinkzebra owns the rights to the copyright for the work "Beautiful Daydream."

49. MyFreeCams and MFCXY had knowledge Pinkzebra owned a copyright for the work "Beautiful Daydream," which is federally registered.

50. Without authorization, consent or permission, MyFreeCams and MFCXY infringed on the copyright by reproducing and distributing the "Beautiful Daydream" song in its advertising materials in connection with pornographic content.

51. MyFreeCams and MFCXY intentionally and willfully chose to copy and distribute Pinkzebra's work without its permission.

52. As a result of MFCXY's and MyFreeCams' wrongful conduct, MFCXY and MyFreeCams' are liable to Pinkzebra for copyright infringement.

## COUNT II
## FEDERAL COPYRIGHT INFRINGEMENT CRAKMEDIA

53. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-52 as if contained herein.

54. At all relevant times, Pinkzebra owned the copyright for the work "Beautiful Daydream."

55. Crakmedia knew Pinkzebra owned a copyright for the work "Beautiful Daydream" which is federally registered.

56. Without authorization, consent or permission, Crakmedia infringed on the copyright by reproducing and distributing the "Beautiful Daydream" song in its advertising materials in connection with pornographic content.

57. Crakmedia intentionally and willfully chose to copy and distribute Pinkzebra's work without its permission on its pornographic content.

58. As a result of Crakmedia's wrongful conduct, Crakmedia is liable to Pinkzebra for copyright infringement.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT ALL DEFENDANTS

59. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-58 as if contained herein.

60. Numerous websites directly infringed Pinkzebra's copyrighted works when they copied and distributed Defendants' advertisements, which contained an unauthorized and infringing use of Pinkzebra's song "Beautiful Daydream."

61. Defendants have and continue to knowingly and systematically materially contribute to, intentionally induce, and/or cause unauthorized reproductions and distributions of Pinkzebra's song.

62. The actions and conduct of Defendants, as alleged above in this Complaint, constitute contributory copyright infringement.

63. Defendants' acts of infringement were and are willful, in disregard of, and with indifference to, Pinkzebra's rights.

64. As a direct and proximate result of Defendants' infringements, Pinkzebra is entitled to damages and Defendant's profits in amounts to be proven at trial. If necessary, Pinkzebra will

seek leave to amend this Complaint to state the full amount of such damages and profits when such have been ascertained.

65. As a result of Defendants' conduct, Pinkzebra has sustained and will continue to sustain irreparable injury. Pinkzebra is thus entitled to preliminary and injunctive relief.

66. Pinkzebra also seeks an accounting of all monies collected by Defendants in connection with advertisements utilizing Pinkzebra's work.

## COUNT IV
## VICARIOUS COPYRIGHT INFRINGEMENT ALL DEFENDANTS

67. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-66 as if contained herein.

68. Numerous websites directly infringed Pinkzebra's copyrighted works when they ran Defendants' advertisements, which contained an unauthorized and infringing use of Pinkzebra's song "Beautiful Daydream."

69. Defendants at all relevant times had and continue to have the right and ability to supervise and control the infringement of Pinkzebra's song "Beautiful Daydream."

70. Defendants have refused to exercise supervision or control to the extent required by law. As a direct and proximate result of such refusal, Defendants have all infringed Pinkzebra's copyright by reproducing and distributing Pinkzebra's work.

71. Defendants derived and continue to derive a direct financial benefit from the infringement of Pinkzebra's song.

72. Defendants' acts of infringement were willful, in disregard of and with indifference to Pinkzebra's rights.

73. As a direct and proximate result of Defendants' infringement, Pinkzebra is entitled to damages and Defendants' profits in amounts to be proven at trial. If necessary, Pinkzebra will

seek leave to amend this Complaint to state the full amount of such damages and profits when such have been ascertained.

74. As a result of Defendants' conduct, Pinkzebra has sustained and will continue to sustain irreparable injury. Pinkzebra is thus entitled to preliminary and injunctive relief.

75. Pinkzebra also seeks an accounting of all monies collected by Defendants in connection with advertisements utilizing Pinkzebra's work.

## COUNT V
## UNJUST ENRICHMENT ALL DEFENDANTS

76. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-75 as if contained herein.

77. Pinkzebra's ownership of the rights to distribute and the rights to license the use of his composition "Beautiful Daydream" is a valuable asset to Pinkzebra.

78. Defendants' use and distribution of Pinkzebra's work is without permission or authorization. Defendants have therefore appropriated a valuable asset belonging to Pinkzebra for their own benefit.

79. By failing to pay proper compensation to Pinkzebra for the use of his song, Defendants have retained Pinkzebra's benefit and such retention violates the fundamental principles of justice, equity and good conscience.

## COUNT VI
## ILLINOIS DECEPTIVE TRADE PRACTICES ACT ALL DEFENDANTS

80. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-79 as if contained herein.

81. Defendants' unlawful use of Pinkzebra's "Beautiful Daydream" work has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or

certification of goods or services, or caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Pinkzebra.

82. Defendants have used Pinkzebra's work under false pretenses, with intent that consumers rely upon the suppression or omission of material fact.

83. Defendants have engaged in deceptive trade practices in the course of business within the meaning of 815 ILCS § 510/2 (2), (3) and (5) by Defendants' unauthorized use of the Pinkzebra's "Beautiful Daydream" work.

84. Defendants' actions have resulted in actual and probable injury to Pinkzebra and Pinkzebra is likely to continue to suffer harm without judicial intervention.

85. Defendants' actions have caused irreparable harm, damage, and injury to Pinkzebra, and Pinkzebra has no adequate remedy at law.

86. On information and belief, Defendants' willfully engaged in a deceptive trade practice, and its actions were conducted in bad faith with deliberate disregard of Pinkzebra's rights to deprive Pinkzebra of its rights. As such, Defendants' conduct warrants Pinkzebra to recover damages, including attorneys' fees, and all other remedies available under 815 ILCS § 510 et seq.

### COUNT VII
### UNFAIR COMPETITION ALL DEFENDANTS

87. Pinkzebra repeats and realleges each allegation contained in paragraphs 1-86 as if contained herein.

88. Pinkzebra does not want to be associated with pornographic works and such associations hurts him and his reputation among a large segment of his consumers, and risks losing a large segment of his customer base due to likely to confusion, deceit, mistake or misleading of consumers to incorrectly believe that there was an affiliation, connection, or association of

Defendants with Pinkzebra, or to the origin, sponsorship, or approval of Pinkzebra's work with such content.

89. Put another way, Defendants' actions to copy, use and distribute Pinkzebra's work with Defendants' pornographic content is likely to confuse, deceive, cause mistake or mislead consumers that Pinkzebra's "Beautiful Daydream" song is authorized to be used or distributed with Defendants' pornographic content and with websites such as Pornhub.com, that there was an affiliation, connection, or association of Defendants with Pinkzebra, or to the origin, sponsorship, or approval of Pinkzebra's work with such content, when it was not authorized.

90. Pinkzebra's license agreement further explicitly prohibits use of Pinkzebra's copyrighted works, including the "Beautiful Daydream" work, in connection with material that is offensive, defamatory, pornographic, obscene or demeaning, or promotes discrimination.

91. Since Defendants' wrongful conduct, Pinkzebra has lost sales and loss of reputation because Defendants used the "Beautiful Daydream" work in connection with pornographic content, in direct violation of the alleged license.

92. Pinkzebra has suffered and will continue to suffer injury as alleged above as a result of Defendants' willful and unlawful conduct. Defendants have improperly benefitted.

**PRAYER FOR RELIEF**

Plaintiff Pinkzebra prays that this Court grant the following relief:

1. Permanently restrain and enjoin Defendants from infringing and using Pinkzebra's federal and common law copyrights in any manner, and explicitly prevent Defendants from distributing copies of Pinkzebra's songs with their advertisements;

2. Order a full accounting from Defendants arising out of its distribution of Pinkzebra's works, and its sales activities relating to any of Pinkzebra's rights, and render a judgment for the balance due to Pinkzebra;

3. Award Pinkzebra its actual damages and Defendants' profits attributed to Defendants' acts of infringement;

4. Order disgorgement of any money Defendants have retained through unjust enrichment;

5. Award Pinkzebra attorney fees and costs; and

6. Award such other relief as is warranted by the facts and law and is just under the circumstances.

## JURY DEMAND

Plaintiff Pinkzebra demands a jury trial on all issues so triable.

Dated: December 15, 2020

By: s/ Adam Wolek
Adam Wolek
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker
Suite 2800
Chicago, IL 60601
Tel.: (312) 836-4063
Fax: (312) 966-8598
awolek@taftlaw.com

Neil Peluchette (*pro hac vice to be filed*)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3447
Fax: (317) 713-3699
npeluchette@taftlaw.com